1   Nina Rabin, AZ Bar #025246
2   Workers' Rights Clinic
3   University of Arizona Rogers College of Law
4   1145 N. Mountain Ave.
5   Tucson, AZ 85719
6   Telephone: (520) 621-9206
7   Fax: (520) 626-5233
8   rabin@email.arizona.edu
9
10  Attorney for plaintiffs Gloria Nuñez and Pilar Valenzuela

11
12                      **UNITED STATES DISTRICT COURT**
13                              DISTRICT OF ARIZONA
14
15  _____
16                                                              )
17  GLORIA ELENA NUÑEZ HERNANDEZ AND                            )
18  PILAR VALENZUELA,                                           )
19                                                              )      Case No. _____
20          Plaintiffs,                                         )
21                                                              )      COMPLAINT FOR
22          v.                                                  )      VIOLATIONS OF THE FAIR
23                                                              )      LABOR STANDARDS ACT
24  ROSE RIVERA, ENRIQUE RIVERA, SR., ENRIQUE                   )      AND ARIZONA LAW;
25  RIVERA, JR., TANIA THOMPSON (AKA TANIA                      )      DEMAND FOR JURY TRIAL
26  DORAME OR TANIA RIVERA), OCTAVIO                            )
27  DORAME, AND TANIA'S FLOUR TORTILLAS &                       )
28  MEXICAN FOOD,                                               )
29                                                              )
30          Defendants.                                         )
31                                                              )
32  _____ )
33

34

35                              **<u>INTRODUCTION</u>**

36      1.  This is an action by plaintiffs Gloria Nuñez (hereinafter "Ms. Nuñez") and Pilar

37          Valenzuela (hereinafter "Ms. Valenzuela"), hereinafter together referred to as

38          "plaintiffs," against their former employers, Rose Rivera, Enrique Rivera, Sr.,

39          Enrique Rivera, Jr., Tania Thompson (also known as Tania Dorame or Tania

1       Rivera), Octavio Dorame, and Tania's Flour Tortillas & Mexican Food,

2       (hereinafter collectively referred to as "defendants").

3   2.  Ms. Nuñez and Ms. Valenzuela were employed by defendants in their restaurant

4       and food retail business for approximately twelve years and three and one half

5       years, respectively. Plaintiffs regularly worked more than forty hours each week,

6       but did not receive compensation at a rate of one and one half times their hourly

7       wage for every hour they worked over forty until November 2015. In addition,

8       their hourly wage was less than the Arizona minimum wage until January 2015.

9       Finally, throughout their entire period of employment, defendants miscalculated

10      plaintiffs' hours of labor by erroneously converting minutes into decimals,

11      resulting in a pay rate that was always less than the Arizona minimum wage and

12      sometimes less than the federal minimum wage.

13  3.  Plaintiffs bring this action in order to recover damages arising out of defendants'

14      willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

15      seq., Arizona's Wage Payment Law, A.R.S. § 23-350, et seq., and Arizona's

16      Minimum Wage Law, A.R.S. § 23-362, et seq.

17  4.  Specifically, Ms. Nuñez and Ms. Valenzuela seek remedies for failure to pay

18      overtime wages and payment at a rate that was less than the Arizona and federal

19      minimum wage rates. Plaintiffs' recovery includes liquidated, compensatory and

20      punitive damages, prejudgment interest, and costs and attorneys' fees, as provided

21      by law.

22

23

1          **JURISDICTION AND VENUE**

2    5.  This complaint alleges causes of action under the Fair Labor Standards Act, 29

3        U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C

4        § 1331. This complaint also alleges causes of action under Arizona state laws that

5        arise out of the same set of operative facts as the federal cause of action.

6        Accordingly, this Court has supplemental jurisdiction over the state claims

7        pursuant to 28 U.S.C. § 1367(a).

8    6.  Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c),

9        because defendants conduct business in this District and because defendants failed

10       to pay Plaintiffs wages for services performed in Arizona.

11

12          **PARTIES**

13   7.  Plaintiff, Ms. Nuñez, is an individual who, at all times relevant to the instant

14       action, was a resident of the State of Arizona, County of Pima.

15   8.  Plaintiff, Ms. Valenzuela, is an individual who, at all times relevant to the instant

16       action, was a resident of the State of Arizona, County of Pima.

17   9.  Ms. Nuñez was an employee of defendants for approximately twelve years, where

18       she worked preparing food, serving customers, cleaning, and washing dishes until

19       May 15, 2016.

20   10. Ms. Valenzuela was an employee of defendants for approximately three and one

21       half years, where she worked preparing food, serving customers, cleaning, and

22       washing dishes until March 22, 2016.

3

1    11. Defendant Tania's Flour Tortillas & Mexican Food is a restaurant with its

2         principal place of business at 2856 West Drexel Road in Tucson, Arizona.

3    12. Defendant Rose Rivera, a natural person and resident of Pima County, Arizona, is

4         an owner of Tania's Flour Tortillas. She has the authority to hire, discipline, or

5         terminate the employment of all employees and has the authority to oversee

6         payroll, the maintenance of the company's records, and all aspects of the

7         business's operations. She is the mother of defendants Tania Thompson and

8         Enrique Rivera, Jr., and the wife of defendant Enrique Rivera.

9    13. Defendant Enrique Rivera, Sr., a natural person and resident of Pima County,

10        Arizona, is an owner of defendant Tania's Flour Tortillas. He has the authority to

11        hire, terminate, and discipline all employees, and to manage the business's

12        operations. He is the husband of defendant Rose Rivera and the father of

13        defendants Tania Thompson and Enrique Rivera, Jr.

14   14. Defendant Enrique Rivera, Jr., a natural person and resident of Pima County,

15        Arizona, is an owner of defendant Tania's Flour Tortillas. He has the authority to

16        hire, terminate, and discipline all employees, and to manage the business's

17        operations. He is the son of defendants Enrique Rivera, Sr. and Rose Rivera, and

18        the brother of defendant Tania Thompson.

19   15. Defendant Tania Thompson (aka Tania Rivera or Tania Dorame), a natural person

20        and resident of Pima County, Arizona, manages Tania's Flour Tortillas, including

21        the supervision and maintenance of plaintiffs' payroll, work schedules, and work

22        assignments. She has the authority to hire, terminate, and discipline all

23        employees. She is the daughter of defendants Rose and Enrique Rivera, Sr., the

1      sister of defendant Enrique Rivera, Jr., and the wife of defendant Octavio

2      Dorame.

3   16. Defendant Octavio Dorame, a natural person and resident of Pima County,

4      Arizona has the authority to hire, terminate, and discipline all employees, and to

5      manage the business's operations. He is the husband of defendant Tania

6      Thompson.

7

8                          **FACTUAL ALLEGATIONS**

9   17. During their entire employment, plaintiffs regularly worked more than 40 hours

10      per week. Until November 2015, they did not receive overtime wages at a rate of

11      one and one half times their regular rate of pay. Plaintiffs worked more than forty

12      hours per week without receiving one and one half times their hourly wage for

13      several years and specifically, but not limited to, the work weeks for which they

14      were paid on January 16, 2015, January 23, 2015, and January 30, 2015.

15   18. Throughout their entire employment until January 2015, the hourly rate

16      defendants paid to plaintiffs was less than the Arizona minimum wage. Some of

17      the weeks for which plaintiffs were paid less than the minimum wage include, but

18      are not limited to, the work weeks for which they were paid on July 23, 2014, July

19      31, 2014, and August 8, 2014.

20   19. During their entire employment, defendants miscalculated plaintiffs' hours

21      worked by replacing minutes for decimals (i.e. recording "30 minutes" as .30). In

22      this way, defendants consistently compensated plaintiffs for less time than they

23      actually worked each pay period. This erroneous method of calculating plaintiffs'

1    hours of labor also resulted in a rate of pay that was less than the Arizona

2    minimum wage at all times relevant hereto and regularly less than the federal

3    minimum wage. Specifically, some, but not all of the dates that plaintiffs were

4    paid less than the minimum wage were July 23, 2014, July 31, 2014, and August

5    8, 2014.

6    20. Defendants willfully ignored the possibility that federal and state law required

7    their employees to be paid the minimum wage or overtime. In addition, they

8    knowingly used an erroneous method of calculating plaintiffs' hours of labor.

9    21. By willfully failing to pay minimum wage and overtime wages, defendants

10   enjoyed ill-gained profits at the expense of the plaintiffs.

11   22. Defendants did not post notices in view of employees regarding the federal or

12   state minimum wage.

13   23. Defendants did not maintain accurate records of plaintiffs' wages earned and

14   hours worked. In addition, defendants failed to provide plaintiffs with accurate

15   records of their wages earned and hours worked upon request.

16   24. At all relevant times herein, defendant Tania's Flour Tortillas has been an

17   enterprise that has had two or more employees handling, selling, or otherwise

18   working on goods or materials that have been moved in or produced for

19   commerce and has had an annual gross volume of sales made or business done of

20   not less than $500,000.

21   25. Defendant Tania's Flour Tortillas and the individual defendants were, at all times

22   relevant hereto, plaintiffs' employers within the meaning of the FLSA, 29 U.S.C.

23   § 203(d) and A.R.S. § 23-350.

6

1    26. All defendants were joint employers of plaintiffs within the meaning of 29 U.S.C.

2        § 203(d) and 29 C.F.R. § 791.2 for all times relevant to this action and are jointly

3        and severally liable to plaintiffs for violations of their rights under the FLSA and

4        Arizona law.

5

6                          **FIRST CLAIM FOR RELIEF:**

7    **FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME AND FAILURE**

8    **TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et***

9    ***seq.***

10   27. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

11        as if they were fully set forth again herein.

12   28. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of

13        employees to receive a wage that is not less than $7.25 per hour.

14   29. Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who

15        are "suffered or permitted to work" to have their employer pay the correct

16        overtime rate for all hours worked in excess of forty hours in a workweek.

17   30. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain

18        records of the hours worked and wages earned by their employees.

19   31. During the entire period of plaintiffs' employment, defendants used a

20        mathematically incorrect method of calculating the number of hours plaintiffs

21        worked, resulting in payment that was often less than $7.25 per hour, in violation

22        of 29 U.S.C. § 206(a)(1)(C).

1    32. During the entire period of plaintiffs' employment until November 2015,

2       plaintiffs worked more than forty hours per week and defendants did not pay them

3       overtime wages in violation of 29 U.S.C. § 207(a)(1).

4    33. Defendants did not maintain accurate records of plaintiffs' hours worked or wages

5       earned, as required by 29 U.S.C. § 211(c).

6    34. Defendants acted neither in good faith nor with reasonable grounds to believe that

7       their actions and omissions were not a violation of the FLSA.

8    35. Because defendants' violations of the FLSA demonstrated reckless disregard for

9       the requirements of FLSA, their violations of FLSA were willful.

10   36. Ms. Nuñez and Ms. Valenzuela have been harmed as a result of defendants'

11      violations of the FLSA. They have suffered financial damage and emotional

12      distress due to defendants' refusal to pay them as required by FLSA.

13   37. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Ms. Nuñez and Ms.

14      Valenzuela seek unpaid wages at the required legal rate for all of their working

15      hours during the relevant time period, liquidated damages, prejudgment interest,

16      attorneys' fees and litigation costs, and all other costs and compensatory and

17      punitive damages allowed by law.

18

19                    **SECOND CLAIM FOR RELIEF:**

20   **FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO POST NOTICES,**

21   **AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA**

22   **MINIMUM WAGE ACT, A.R.S. 23-362** *et seq.*

8

1 38. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

2   as if they were set forth again herein.

3 39. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the

4   minimum wage that employers in Arizona must pay to their employees.

5 40. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires

6   employers to post notices informing employees of their rights under the Act.

7 41. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires

8   employers to maintain records of their employees' wages earned and hours

9   worked for four years and establishes a rebuttable presumption that the employer

10   did not pay the minimum wage if the employer fails to maintain such records.

11   Section 23-364(D) further requires that the employer permit the employee or her

12   representative to "inspect and copy" payroll records upon request.

13 42. During the entire period of plaintiffs' employment until January 2015, defendants

14   paid plaintiffs at an hourly rate that was less than the Arizona minimum wage in

15   violation of A.R.S. §§ 23-363.

16 43. During the entire period of plaintiffs' employment, defendants used a

17   mathematically incorrect method of calculating the number of hours plaintiffs

18   worked, resulting in payment was less than the Arizona minimum wage, in

19   violation of A.R.S. §§ 23-363.

20 44. Defendants failed to post the notices required by A.R.S. § 23-364(D).

21 45. Defendants failed to maintain accurate records of plaintiffs' wages and hours or to

22   disclose those records when they were requested by plaintiffs' representative, in

23   violation of A.R.S. § 23-364(D).

1   46. Defendants' violations of the Arizona Minimum Wage Act were a part of a

2      continuing course of conduct throughout the plaintiffs' entire employment with

3      defendants.

4   47. Defendants were willful in that they demonstrated reckless disregard for the

5      requirements of the Act.

6   48. Plaintiffs have been harmed as a result of defendants' violations of the Act,

7      including loss of earnings and emotional distress, all of which will be proven at

8      trial.

9   49. Based on the foregoing and pursuant to A.R.S. § 23-364, Ms. Nuñez and Ms.

10     Valenzuela seek unpaid wages at the required legal rate for all of their working

11     hours during the relevant time period, double damages, prejudgment interest,

12     attorneys' fees and litigation costs, and all other costs, penalties and damages

13     allowed by law.

14

15                    **THIRD CLAIM FOR RELIEF:**

16  **FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF**

17  **ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 *et seq.***

18  50. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs

19     as if they were fully set forth again herein.

20  51. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including

21     overtime wages, no later than sixteen days after the most recent pay period.

1    52. During the entire period of plaintiffs' employment, defendants calculated the

2        number of hours plaintiffs worked using a mathematically incorrect method,

3        resulting in incomplete compensation for all hours plaintiffs worked.

4    53. During the entire period of plaintiffs' employment until January 2015, defendants

5        paid plaintiffs less than the minimum wage as mandated by the Arizona Minimum

6        Wage Act.

7    54. During the entire period of plaintiffs' employment until November 2015,

8        defendants did not pay plaintiffs the overtime wage rate for the hours that they

9        worked in excess of forty per week, in violation of the FLSA.

10   55. Ms. Nuñez and Ms. Valenzuela have been harmed as a result of the defendants'

11       violation of A.R.S. § 23-351(C)(3), including loss of earnings and emotional

12       distress, all of which will be proven at trial.

13   56. Based on the foregoing, Ms. Nuñez and Ms. Valenzuela seek treble damages

14       pursuant to A.R.S. § 23-355(A).

15

16                          **PRAYER FOR RELIEF**

17

18   *WHEREFORE, plaintiff Ms. Nuñez respectfully requests that this Court:*

19       A.    Award Ms. Nuñez damages for unpaid overtime and minimum wage, plus

20   liquidated damages in an equal amount, plus compensatory and punitive damages as

21   provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be

22   determined at trial;

1    B.    Award Ms. Nuñez twice the full amount of wages owed in violation of

2    Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

3    an amount to be determined at trial and assess civil penalties pursuant to A.R.S. § 23-

4    364(F);

5    C.    Award Ms. Nuñez three-times the full amount of wages owed, as provided

6    by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

7    E.    Award attorneys' fees and costs to Ms. Nuñez for legal services provided

8    by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

9    F.    Grant such additional and further relief as the Court deems just and

10   proper.

11

12   ***WHEREFORE, plaintiff Ms. Valenzuela respectfully requests that this Court:***

13   A.    Award Ms. Valenzuela damages for unpaid overtime and minimum wage,

14   plus liquidated damages in an equal amount, plus compensatory and punitive

15   damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to

16   be determined at trial;

17   B.    Award Ms. Valenzuela twice the full amount of wages owed in violation

18   of Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest,

19   in an amount to be determined at trial and assess civil penalties pursuant to A.R.S. §

20   23-364(F);

12

1    C.    Award Ms. Valenzuela three-times the full amount of wages owed, as

2    provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

3    E.    Award attorneys' fees and costs to Ms. Valenzuela for legal services

4    provided by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-

5    341 et seq.;

6    F.  Grant such additional and further relief as the Court deems just and proper.

7

8                          **<u>DEMAND FOR JURY TRIAL</u>**

9    Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

10    which they have a right to jury trial.

11

12    Tucson, AZ

13    June 10, 2016

14

15                                    Respectfully submitted,

16

17                          BY: _____  __/s/_____

18                               Nina Rabin

19                               Attorney for plaintiffs

20